**SULAIMAN LAW GROUP, LTD.**
**Mohammed O. Badwan, Esq. (PHV Forthcoming)**
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
mbadwan@sulaimanlaw.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| PATRICK O'ROURKE,<br><br>Plaintiff,<br><br>v.<br><br>THE BUREAU OF MEDICAL ECONOMICS and JOHN DOES 1-10,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Patrick O'rourke ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, The Bureau of Medical Economics, and John Does 1-10, ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the District of Arizona and Defendant is domiciled in the District of Arizona, and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Arizona.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a collection agency located at 326 E. Coronado Road Suite 101 Phoenix, Arizona 85004.

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as its principal business purpose is the collection of defaulted debts owed to others.

7. Defendant acted through its agents, employees, officers, vendors, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

8. In or around May 3, 2021, Plaintiff received medical services from Emergency Professional Services ("EPS") resulting in a balance owed totaling $367 ("subject debt").

9. On September 9, 2021, Plaintiff completed a onetime payment to EPS in order to pay off the entirety of the subject debt.

10. Specifically, Plaintiff's onetime payment was posted to his bank account on September 10, 2021.

11. Shortly thereafter, the subject debt was sent to Defendant's office for collection, despite the subject debt being paid in full on September 9, 2021. Defendant treated the subject debt as allegedly in default at the time it received the subject debt from its predecessor, EPS.

12. In September 2021, Defendant began placing collection calls to Plaintiff's cellular telephone ending in 2033 to collect the subject debt.

13. Plaintiff was confused by Defendant's collection calls due to the fact that the subject debt was previously paid in full on September 9, 2021.

14. At some point, Plaintiff placed an outgoing call to the billing department of EPS to confirm the balance owed towards the subject debt.

15. During the telephone call with EPS, Plaintiff was informed that the subject debt was with Defendant's office for collection and that Plaintiff would need to speak with Defendant regarding the subject debt.

16. In addition, Plaintiff viewed the online portal provided EPS and was able to confirm that the subject debt was paid in full and there was a $0 balance reporting towards EPS's records.

17. On September 12, 2021, Plaintiff answered an incoming call placed by Defendant and informed them that the subject debt was paid in full and that he no longer owed the subject debt.

18. Unfortunately, Defendant failed to confirm with EPS that the subject debt was paid in full prior to collecting.

19. Defendant's collection calls were increasingly becoming more burdensome for Plaintiff, as he no longer owed the subject debt.

20. On or around April 25, 2022, Plaintiff emailed proof of the completed payment to Defendant to show that he was no longer responsible for the subject debt.

21. However, despite providing actual proof that the subject debt was paid entirely, Defendant stated that Plaintiff's proof was insufficient and continued to collect a debt not owed.

22. Specifically, Defendant has continued to place weekly collection calls and letters to Plaintiff attempting to collect a balance not owed.

23. Plaintiff was greatly concerned by Defendant's attempts to collect additional funds not owed by Plaintiff and feared the unknown consequence that may follow should he be forced to pay the subject debt twice.

24. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences. Plaintiff lost time and energy attempting to prove to Defendant that he does not owe the subject debt.

25. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

**COUNT I – DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

28. The subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

29. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is to collect defaulted debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

30. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects defaulted debts owed or asserted to be owed or due to another.

31. Defendant used the mail and phone to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

32.     Defendant violated 15 U.S.C. §§1692e, e(2), e(10), f, and f(1) through its unlawful collection practices.

### a. Violations of FDCPA §1692e

33.     Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the subject debt. The subject debt was not owed at the time Defendant demanded payment from Plaintiff as the subject debt was paid off in September 2021.

34.     Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. Defendant attempted to collect the subject debt from Plaintiff despite Plaintiff no longer owing the subject debt.

35.     Defendant acted wrongfully when it continued to collect on addition funds thereafter knowing the Plaintiff was no longer responsible for any amount owed on subject debt.

36.     Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure additional payments of the subject debt, Defendant willingly ignored the fact that Plaintiff paid off the entire balance, so Defendant can collect on additional funds not owed.

37.     As pled above, Plaintiff did not owe the alleged subject debt after completing payments in September 2021. Defendant knew or should have known that repercussions for collection on a debt not owed.

### b. Violation of FDCPA §1692f

38.     Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. The subject debt was no longer owed at the time Defendant demanded payment, but Defendant bombarded Plaintiff with collection efforts anyway in hopes that Plaintiff would make a payment.

39. Defendant violated §1692f(1) by attempting to collect the subject debt from Plaintiff when he no longer owed the subject debt. By operation of law, Defendant did not have a legal right to collect a debt not legally owed at the time Defendant requested additional payment.

40. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was not owed at the time it made demands for payment.

41. Upon information and belief, Defendant has no system in place to identify and cease collection of debts not owed.

42. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff, Patrick O'rourke, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: October 31, 2022                Respectfully Submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mbadwan@sulaimanlaw.com

6